UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ROY MILTON                                    CIVIL ACTION NO. 14-0061
                                              SEC. P

VS.                                           JUDGE DONALD E. WALTER

RICHARD TOWNSEND, ET AL.                      MAGISTRATE JUDGE HAYES

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a

Motion to Dismiss for failure to state a claim upon which relief can be granted, [doc. # 12], filed

by Defendants Sheriff Ricky Jones, Deputy Warden Fred Schoonover, and Warden John Smith.

Plaintiff opposes the Motion.  [doc. # 20].  For reasons set forth below, it is recommended that

the Motion be **GRANTED IN PART and DENIED IN PART**.

<u>Background</u>

On January 14, 2014, Plaintiff Roy Milton, an inmate in the custody of Louisiana's

Department of Corrections, filed the instant suit against Defendants under 42 U.S.C. § 1983.

[doc. # 1].  Plaintiff alleges that, while incarcerated at the Tensas Parish Detention Center

("TPDC"), Defendant Richard Townsend failed to provide him with adequate medical care and

twice subjected him to excessive force.  *Id.* at 4.  He alleges that, on July 3, 2013, Defendant

Townsend sprayed him in the face with multiple chemical bursts, drove his face into an iron

cage, and subsequently ordered a TPDC nurse not to treat him.  *Id.*  He alleges that Defendant

Townsend sprayed him with a chemical agent again on December 4, 2013.  *Id.*

Plaintiff claims that he suffered physical injury and mental anguish as a result.  *Id.*  As to

the Moving Defendants, Plaintiff alleges that he informed them of Townsend's actions, and that

instead of disciplining Townsend or even investigating his complaints, they tried to get him to drop the grievance or change his story regarding how the incident occurred by threatening him with criminal prosecution unless he did so, and, when he refused, retaliated against him by placing him in a holding cell and covering up or destroying the evidence that would have supported his claim, thus enabling and encouraging Townsend's second utilization of excessive force against him.  *Id.* at 5.  Plaintiff seeks both compensatory and punitive damages.  *Id.*

The Moving Defendants filed the instant Motion to Dismiss for failure to state a claim upon which relief can be granted on May 28, 2014.  [doc. # 12].  They claim that Plaintiff's claims against them should be dismissed because "there are no allegations that [they] had any personal involvement in the alleged assault upon the Plaintiff or the withholding of medical treatment."  [doc. # 12-1, p. 3].  In the alternative, the Moving Defendants argue that Plaintiff's claim for punitive damages should be dismissed.  [doc. # 12].

The matter is now before the Court.

## Law and Analysis

### I. Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ."  FED. R. CIV. P. 8(a)(2).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when it contains sufficient factual content for the court "to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal,*

*supra*.  Plausibility simply calls for enough factual allegations to raise a reasonable expectation

that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S.

at 556.

In deciding whether the complaint states a valid claim for relief, a court accepts all

well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.

*Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).  However, the same presumption

does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of  "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule

8.  *Id*.  "[P]laintiffs must allege facts that support the elements of the cause of action in order to

make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th

Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific

task that requires the reviewing court to draw on its judicial experience and common sense."

*Iqbal, supra*.  A well-pleaded complaint may proceed even if it strikes the court that actual proof

of the asserted facts is improbable, and that recovery is unlikely.  *Twombly, supra*.  Nevertheless,

a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid

legal theory.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by

the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

committed by a person acting under color of state law."  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th

Cir. 2013) (internal quotation marks omitted).  Consistent with the motion to dismiss standard

above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional

conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## II. Supervisor Liability

To reiterate, Plaintiff alleges that only Defendant Townsend utilized excessive force and

delayed treatment for the resulting injuries.  [doc. # 1, p. 4].  With respect to the Moving

Defendants, and construing Plaintiff's Complaint liberally, Plaintiff alleges that they should be

held accountable for covering up Defendant Townsend's actions, threatening Plaintiff with

criminal prosecution unless he changed his story, and failing to discipline Townsend following

the first incident, thus enabling him to make the second attack on Plaintiff .[1]    *Id.* at 5.

Thus, and again construing Plaintiff's Complaint liberally, Plaintiff claims that the

Moving Defendants are liable for failing to supervise Defendant Townsend; in other words,

Plaintiff claims that there is a causal connection between the Moving Defendants' conduct and

the alleged constitutional violations.  In that regard, a supervisor may be held liable for failing to

train or supervise a subordinate if a plaintiff shows that: "(1) the [official] failed to train or

supervise the officers involved; (2) there is a causal connection between the alleged failure to

supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or

supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Burge v. St.

Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003) (citing *Thompson v. Upshur Cnty., TX*, 245

F.3d 447, 459 (5th Cir. 2001)).

---

[1] Plaintiff also faults the Moving Defendants for failing to promptly attend to his grievances.  [doc. # 8, p. 6].  Standing alone, this allegation does not allege a constitutional violation.  *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) (Prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction; any alleged due process violation arising from the alleged failure to investigate prisoner grievances is indisputably meritless).

"[P]roof of deliberate indifference[ ] generally requires a showing of more than a single instance of the lack of training or supervision causing a violation of constitutional rights." *Id.* (internal quotation marks omitted).  A plaintiff must "demonstrate at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in a constitutional violation." *Id.* (internal quotation marks omitted).  Alternatively, the Fifth Circuit has recognized a "single incident" exception, which requires a plaintiff to "prove that the highly predictable consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the moving force behind the constitutional violation." *Estate of Davis ex. rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 385-86 (5th Cir. 2005) (internal quotation marks omitted).

Here, Plaintiff sufficiently states a claim for failure to supervise based on the "single incident" exception.  Plaintiff first claims that, on July 3, 2013, Defendant Townsend utilized excessive force by spraying him with a chemical agent and driving his face into an iron cage. [doc. # 1, p. 4; doc.# 8, p.6; doc # 20, pp 1-8].  Next, Plaintiff claims that he notified Defendants Smith and Schoonover about the incident via an administrative remedy grievance, but instead of investigating and disciplining Townsend, Smith and Schoonover colluded with Townsend to cover up the incident and to retaliate against the plaintiff.  Plaintiff also claims that his fiancè contacted Sheriff Jones about the incident but Sheriff Jones likewise refused to take action.  *Id.* Finally, Plaintiff claims that, subsequent to notifying the Moving Defendants of Defendant Townsend's actions, Defendant Townsend used excessive force when he sprayed Plaintiff with a chemical agent again.  *Id.*

Plaintiff claims that because the Moving Defendants were on notice of Defendant Townsend's actions, it was highly predictable that their failure to supervise Defendant Townsend

would result in Plaintiff's claimed injuries.  Thus, accepting the allegations as true and once more construing them liberally, the Court finds that Plaintiff has stated a cause of action against defendants.  *See Valle v. City of Houston*, 613 F.3d 536, 549 (5th Cir. 2010) (reasoning that evidence of an officer's propensity to use excessive force, while not required, "certainly is probative in determining that a 'highly predictable' consequence of sending the particular officer[] into a particular situation would be a constitutional violation.").

Accordingly, the Moving Defendants' Motion, with respect to their request to dismiss Plaintiff's substantive claims against them, should be **DENIED**.

**III. Punitive Damages**

Defendants also move to dismiss Plaintiff's claim for punitive damages.  [doc. # 12-1, p. 3].  Punitive damages, however, may only be awarded when a defendant's conduct "is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights." *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1015 (5th Cir. 2003) (quoting *Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994)).  "The latter standard requires recklessness in its subjective form, i.e. a subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations." *Id.* (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999) (internal quotation marks omitted)).

Here, Plaintiff does not allege that the Moving Defendants acted with evil intent or callous indifference to his constitutionally protected rights.  Plaintiff's conclusory claim for punitive damages is legally insufficient and should be **DISMISSED**.  The Moving Defendants' Motion should be **GRANTED** in part accordingly.

<u>Conclusion</u>

For the reasons set forth above,

**IT IS RECOMMENDED** that the Moving Defendants' Motion to Dismiss, [doc. # 12], be **GRANTED IN PART** and that Plaintiff's punitive damage claim against the Moving Defendants be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Moving Defendants' Motion, [doc. # 12], be otherwise **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE**.

In Chambers, Monroe, Louisiana, this 27th day of August, 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE