UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| ROY MILTON | CIVIL ACTION NO. 14-0061 SEC. P |
| VS. | JUDGE DONALD E. WALTER |
| RICHARD TOWNSEND, ET AL. | MAGISTRATE JUDGE HAYES |

**ORDER**[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Compel, [doc. # 21], and a Motion for Discovery, [doc. # 26], filed by *pro se* Plaintiff Roy Milton. Defendants oppose the Motion to Compel.[2] [doc. # 24]. For the reasons set forth below, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART** and the Motion for Discovery is **GRANTED IN PART AND DENIED IN PART**.

**Background**

On January 14, 2014, *pro se* Plaintiff Roy Milton, an inmate in the custody of Louisiana's Department of Corrections, filed the instant suit against Defendants under 42 U.S.C. § 1983. [doc. # 1]. Plaintiff alleges that, while incarcerated at the Tensas Parish Detention Center

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] Although all Defendants are represented by the same counsel, Defendant Richard Townsend is not listed as a Defendant that opposes the Motion to Compel. [doc. # 24]. That said, the Court will allow Defendant Townsend to benefit from the appearing Defendants' partially successful opposition. *Cf. Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2011) (allowing non-appearing defendants to benefit from the appearing defendants' favorable summary judgment motion because it would be incongruous "to allow some defendants to prevail while not providing the same benefit to similarly situated defendants.").

("TPDC"), Defendant Richard Townsend failed to provide him with adequate medical care and twice subjected him to excessive force. *Id.* at 4. He alleges that, on July 3, 2013, Defendant Townsend sprayed him in the face with multiple chemical bursts, drove his face into an iron cage, and subsequently ordered a TPDC nurse not to treat him. *Id.* He alleges that Defendant Townsend sprayed him with a chemical agent again on December 4, 2013. *Id.* As a result, he seeks compensatory and punitive damages. *Id.*

## I. Motion to Compel

Plaintiff filed the instant Motion to Compel on June 24, 2014, asking the Court to compel compliance with a prior Court Order, [doc. # 9], which ordered Defendants to "provide to plaintiff all medical records, warden's unusual occurrence reports, and all other documents pertinent to the issues in this case, that are in their possession." [doc. # 21]. Plaintiff acknowledges that Defendants provided him with some prison and medical records on June 11, 2014, but argues that Defendants have withheld other pertinent documents. *Id.* Specifically, he seeks additional medical records, additional unusual occurrence reports, photographs, surveillance video and audio, investigation reports, administrative remedy reports, and a copy of a petition that several inmates allegedly sent to the TPDC warden. *Id.*

A. <u>Medical Records, Unusual Occurrence Reports, Investigation Reports, and Administrative Remedy Reports</u>

Plaintiff acknowledges that Defendants provided medical records and unusual occurrence reports from the alleged July 3, 2013 incident, but avers that Defendants have yet to provide him with any similar documents arising from the alleged December 4, 2013 incident. However, on the same day that Plaintiff filed the instant Motion (June 24, 2014), Defendants filed a "Notice of

Compliance," wherein they averred that they "complied with the requirements of the Court's Memorandum Order dated April 14, 2014 . . . ." [doc. # 22]. Defendants attached a "Use of Force Report," a "Disciplinary Violation Report," and four "Unusual Occurrence Reports." [doc. # 22-1]. To that extent, the Court recognizes, as do Defendants, that the instant Motion and Defendants' Notice of Compliance "crossed in the mail." [*See* doc. # 24]. Consequently, as Defendants have produced the reports that Plaintiff seeks, the Court finds that Plaintiff's Motion, with respect to those reports, is **DENIED AS MOOT**.

As to Plaintiff's request for medical records, investigation reports, and administrative reports relating to the alleged December 4, 2013 incident, Defendants respond, "all said documents known to exist as a result of the December 4, 2013, incident were forwarded to the petitioner and to the Court on June 24, 2014." [doc. # 24, p. 3-4]. Defendants present the affidavit of Sherry Whittington, the human resources manager for TPDC, in support. [doc. # 24-1]. Whittington avers: "Attached [to Defendants' Response] and made a part hereof are all of the documents that have been located concerning the alleged incident of 12/04/13 (Exhibit "A", in globo)." [doc. # 24-1].

Plaintiff does not explain why Defendants' production is incomplete and does not provide any evidence to justify finding that Defendants possess additional documents, that Defendants can obtain additional documents, or that additional documents even exist. Accordingly, Plaintiff's Motion, with respect to his request to compel the production of medical records, investigation reports, and administrative reports relating to the alleged December 4, 2013

3

incident, is **DENIED**.[3]

B. <u>Investigation Report, and Petition</u>

In addition to Plaintiff's generalized request for investigation reports noted above, Plaintiff claims that Defendants failed to produce an investigation report generated by Captain Bass wherein Captain Bass informed Plaintiff that "his allegation[s] against Richard Townsend were founded and correct." [doc. # 21, p. 2]. Defendants claim that no such report exists and present the affidavit of Captain Nolen Bass in support. [doc. # 24-4]. Bass avers "[t]hat no 'investigation report' exists exonerating Roy Milton, II, nor [] that the allegation against Richard Townsend was 'founded and correct.'" *Id.*

Plaintiff also contends that Defendants failed to send him a copy of a petition that other TPDC inmates from Delta Dorm sent to Warden John Smith detailing their observations of the July 3, 2013 incident. [doc. # 21, p. 1]. Defendants claim that no such petition exists and attach the affidavit of Warden Smith in support. [doc. # 24, p. 3]. Smith avers "[t]hat no 'petition' was addressed to him from the inmates in Delta Dorm," . . . that "no such 'petition' was ever forwarded to him or received by him," . . . and that "after a diligent search no such alleged 'petition' can be located." [doc. # 24-3].

Considering the foregoing, the Court again observes that Plaintiff fails to explain why Defendants' production is incomplete and fails to provide any evidence to justify finding that

---

[3] The Court reminds Defendants of their ongoing obligation to supplement their disclosures. "A party who has . . . responded to an interrogatory, request for production, or request for admission–must supplement or correct its disclosure response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e).

Defendants possess responsive documents or that additional documents even exist. Accordingly, Plaintiff's Motion, with respect to his requests to compel the production of the investigation report and petition, is **DENIED**.

C. Photographs, Surveillance Video, and Surveillance Audio

Plaintiff claims that Defendants failed to produce photographs taken by a TPDC nurse, Sheila Jefferson. [doc. # 21, p. 1]. He states that the pictures document the injuries he sustained on July 3, 2013. *Id.* Defendants, in response, again present the affidavit of Human Resources Manager Sherry Whittington. [doc. # 24-1]. Whittington avers

> [t]hat any photographs [that] may have been taken by Nurse Sheila Jefferson of Roy Milton, II, utilizing a digital camera and the photographs were left in said camera. The digital photographs are typically left in the camera until a request is made for them to be printed out. Any photographs of Roy Milton taken either 07/03/13 or 12/04/13 were never printed out before the camera was eventually lost or stolen. As a result, said photographs cannot be located despite diligent efforts to do so.

*Id.*

Plaintiff also claims that Defendants failed to produce surveillance camera video and audio of both alleged incidents. [doc. # 21, p. 1]. Defendants respond and admit that video of the alleged incidents existed at one time but claim that it is no longer available for review because TPDC personnel did not determine that "the events were of enough significance to save the videos." [doc. # 24, p. 3].

Upon consideration, the Court finds that the claimed circumstances surrounding both the deletion of the surveillance video and the disappearance of Nurse Jefferson's camera are suspicious and raise spoliation concerns. First, Defendants claim that they did in fact review the surveillance video in response to Plaintiff's excessive force grievance. [doc. # 24, p. 3]. In

5

addition, Defendants submit evidence indicating that the alleged incident was an "unusual occurrence" and that Lieutenant Townsend did utilize "hands on" force. [doc. #s 17-1, p. 3, 4; 22-1, p. 1, 2]. Yet, despite being on notice of the excessive force allegation and being aware of an unusual "hands on" occurrence, Defendants still maintain that "the events were [not] of enough significance to save the video." [doc. # 24-3, p. 3]. Similarly, with respect to Plaintiff's request for photographs, Defendants claim, without explanation, that the camera that Nurse Jefferson used to take photographs mysteriously disappeared.

Given these suspicious circumstances, Defendants are hereby **ORDERED** to either produce the requested surveillance video—as well as any accompanying audio—and photographs or show cause, in writing, why no adverse presumption should be entered against them.

## II. Motion for Discovery

Plaintiff filed the instant Motion for Discovery on July 16, 2014. [doc. # 26]. Plaintiff raises the same spoliation concerns outlined above. He claims that Defendants have intentionally concealed or destroyed pertinent evidence in an attempt to exonerate themselves and asks the Court to order Defendants to produce certain information that could prove his allegations. *Id.*

Plaintiff's Motion is essentially an improper "motion for discovery." As the Court instructed on April 14, 2014, Plaintiff should not file "motions for discovery," as a motion is not the correct way to obtain discovery. Pursuant to the Federal Rules of Civil Procedure, written discovery (in the form of interrogatories, requests for production of documents, and requests for admissions) should be sent directly to counsel for the opposing party for a response. Plaintiff is limited to ten (10) interrogatories, five (5) requests for production of documents, and ten (10) requests for admissions. *Id.* Plaintiff should file any discovery requests, as well as any responses

to those requests, into the record by sending a copy of the requests and responses to the Clerk of Court. *Id.* Should Plaintiff choose to pursue discovery, Defendants' counsel will be obligated to respond.

Although the August 26, 2014, deadline for completing discovery has passed, [*see* doc. # 9, p. 3], the Court, considering Plaintiff's well-founded suspicions, will re-open discovery and allow Plaintiff to request relevant spoliation information. Accordingly, to the extent that Plaintiff seeks an extension of the discovery deadline, Plaintiff's Motion, [doc. # 26], is **GRANTED**. The parties shall complete discovery within **twenty-eight (28) days from the date of this Order (i.e. by September 26, 2014)**, and each party shall file either a Motion for Summary Judgment or Statement of Issues within **twenty-eight (28) days** thereafter (i.e. by **October 24, 2014**). To the extent that Plaintiff asks the Court to engage in discovery on his behalf, the Motion is **DENIED**.

In Chambers, Monroe, Louisiana, this 29th day of August, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE