UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| ROY MILTON | CIVIL ACTION NO. 14-0061 SEC. P |
| VS. | JUDGE DONALD E. WALTER |
| RICHARD TOWNSEND, ET AL. | MAGISTRATE JUDGE HAYES |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Sanctions, [doc. # 50], filed by Defendants Richard Townsend, Ricky Jones, Fred Schoonover, and John Smith. Plaintiff does not oppose the Motion. For reasons assigned below, it is recommended that the Motion be **GRANTED**.

Background

Defendants served Plaintiff Roy Milton with two Requests for Production of Documents on July 16, 2014. [doc. # 44-3]. Defendants' second Request asked Plaintiff to "produce duplicate originals or laser prints of any and all photographs depicting [his] alleged injuries . . . ." *Id.* at 3. Plaintiff responded on August 11, 2014, and stated that the "photographs will be forwarded from email as they will have to be downloaded for optimum viewing . . . ." [doc. # 44-5].

On September 23, 2014, Defendants filed a Motion to Compel and claimed that Plaintiff had not produced the requested photographs. [doc. # 44-1, p. 1]. Plaintiff did not oppose the Motion. [*See* doc. # 46]. Thus, on October 21, 2014, the Court granted the Motion and ordered Plaintiff to fully respond to Defendants' Request. [doc. # 48]. The Court cautioned Plaintiff that failure to comply in a timely fashion, without good cause, would lead to the imposition of

sanctions.  *Id.*

      Defendants filed the instant Motion for Sanctions on November 11, 2014.  [doc. # 50]. Defendants argue that the time period for Plaintiff to comply with the aforementioned Order has passed and Plaintiff has yet to produce the photographs as ordered.  *Id.*  As a result, Defendants seek to exclude the photographs "at any hearing or trial of these proceedings."  [doc. # 50-1, p. 2].  Plaintiff did not respond to the instant Motion and is thus deemed not to oppose it.  [*See* doc. # 51].

## Law and Analysis

      Federal Rule of Civil Procedure 37(b)(2) provides, in part, that a court may prohibit a party from "supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," if the party fails to obey a discovery order.  FED. R. CIV. P. 37(b)(2)(A)(ii).  However, the same Rule also provides that a court may dismiss an action if a party fails to obey a discovery order.  *Id.* § (b)(2)(A)(v).  Relatedly, Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  FED. R. CIV. P. 41(b) (in pertinent part).  This rule authorizes district courts to dismiss an action *sua sponte*. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).  Ultimately, exercise of the power to dismiss is committed to the sound discretion of the district courts.  *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

      Here, Plaintiff's failure to comply with the Court's Order to produce the requested photographs justifies prohibiting Plaintiff from utilizing the photographs to support his allegations.  That said, however, Plaintiff has also failed to comply with two other Court orders.

2

He first failed to comply with an April 14, 2014 Order to file either a motion for summary judgment or a statement of issues. [doc. # 9]. The Court cautioned that failing to comply with the Order could result in the imposition of sanctions. *Id.* at 4-5. Plaintiff also failed to comply with a subsequent Order instructing him to show cause, in writing, why he should not be sanctioned for failing to comply with the April 14, 2014 Order. [doc. # 52]. Considering that Plaintiff violated three Court orders without any excuse or attempted justification, dismissal is warranted.

To the extent that the applicable statute of limitations may bar Plaintiff from re-filing the instant suit, dismissal at this juncture will effectively constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice is only "appropriate where there is a clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice." *Bryson v. U.S.*, 553 F.3d 402, 403 (5th Cir. 2008) (citation and internal quotation marks omitted). Generally, a court must find one or more of the following aggravating factors to dismiss an action with prejudice: (1) delay attributable to the plaintiff, not to his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Berry*, 975 F.2d at 1191.

Here, the requirements for dismissal with prejudice are satisfied. As discussed above, Plaintiff has ignored more than one Court order. Further, dismissal may be the least severe sanction when, as here, there is every indication that Plaintiff no longer wishes to pursue his cause of action. In addition, because Plaintiff is proceeding *in forma pauperis*, he likely does not

3

enjoy the financial resources to fund an alternative monetary sanction.[1] Finally, Plaintiff's unrepentant flaunting of Court orders[2] reflects his own contumaciousness or "stubborn resistance to authority" personally attributable to him as an unrepresented litigant.[3]

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Defendants' Motion for Sanctions, [doc. # 50], be **GRANTED** and that Plaintiff's Complaint, [doc. #s 1; 8], be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

---

[1] *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's *in forma pauperis* status in determining that a monetary sanction would not be an appropriate and effective sanction).

[2] This Report and Recommendation provides Plaintiff with further notice of his non-compliance.

[3] "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 11th day of December, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE